IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| TERRY ANDERSON, et al. | ) | |
| | ) | |
| v. | ) | NO. 3:05-0718 |
| | ) | JUDGE CAMPBELL |
| NOVARTIS PHARMACEUTICALS | ) | |
| CORPORATION | ) | |

MEMORANDUM

Pending before the Court is Defendant's Motion to Transfer to the Eastern District of Tennessee (Docket No. 26) and Defendant's Motion to Dismiss for Failure to State a Claim or, in the Alternative, for a More Definite Statement (Docket No. 24). For the reasons stated herein, Defendant's Motion to Transfer (Docket No. 26) is DENIED, Defendant's Motion to Dismiss (Docket No. 24) is DENIED, and Defendant's Motion for a More Definite Statement (Docket No. 24) is moot. By November 26, 2005, Plaintiffs shall file an amended complaint in full compliance with Local Rule 15.

Also pending before the Court is Novartis Pharmaceuticals Corporation's Motion to File a Reply Memorandum in Response to Plaintiffs' Response in Opposition to the Defendant's Motion to Transfer (Docket No. 41), Novartis Pharmaceuticals Corporation's Motion to File a Reply Memorandum in Response to Plaintiffs' Response in Opposition to the Defendant's Motion to Dismiss or Alternative Motion for More Definitive Statement (Docket No. 42), and Defendant's Motion for Oral Argument (Docket No. 28). Defendant's Motions to File a Reply Memorandum (Docket Nos. 41 and 42) are GRANTED and the Clerk is directed to file Reply of Novartis Pharmaceuticals Corporation to Plaintiffs' Response in Opposition to the Defendant's Motion to Transfer and Defendant's Reply to Plaintiffs' Response in Opposition to the Defendant's Motion to

Dismiss or Alternative Motion for a More Definite Statement. Defendant's Motion for Oral Argument (Docket No. 28) is DENIED.

FACTS

Plaintiffs have filed a Complaint (Docket No. 7) against Defendant, Novartis Pharmaceuticals Corporation, alleging that each of the Plaintiffs sustained personal injuries as a result of their treatment with Aredia and Zometa, pharmaceutical products manufactured and distributed by Defendant (Docket No. 7 at 1 and 3). Aredia and Zometa are associated with substantially increased risk of osteonecrosis of the jaw (Docket No. 7 at 1). Plaintiff's Complaint also has a claim for Rule 23 class certification on behalf of "all persons who consume or have consumed Aredia and Zometa, whether intravenously or by the mouth." (Docket No. 7 at 5). There also are two companion cases in this District against the Defendant, <u>Wood, et al. v. Novartis Pharmaceuticals Corp.</u>, Case No. 3:05-0716 and <u>Becker, et al. v. Novartis Pharmaceuticals Corp.</u>, Case No. 3:05-0719. Both of these cases also has a Rule 23 class certification claim. The putative class in <u>Wood</u> is alleged to be all person who used Aredia (Case No. 3:05-0716, Docket No. 7 at 4), and the putative class in <u>Becker</u> is alleged to be all persons who used Zometa, a drug manufactured and distributed by Defendant (Case No. 3:05-0719, Docket No. 6 at 3).

Defendant has filed a Motion to Transfer (Docket No. 26) this case to the Eastern District of Tennessee pursuant to 28 U.S.C. §1404(a). In its motion, Defendant initially argued that this case should be transferred to the Eastern District because this case, when combined with the two related cases filed in this District, is identical to the class relief sought in another putative class action, <u>Thorn, et al. v. Novartis Pharmaceuticals Corp.</u>, No. 3:04-0586, filed in the Eastern District of Tennessee more than ten (10) months earlier by one of the same lawyers seeking to represent the

2

class here.  Since filing its motion, Defendant has notified the Court that the Thorn case has been dismissed without prejudice.  Despite the dismissal of the Thorn case, Defendant asserts that convenience factors and the interests of justice still favor the transfer of this case and the two companion cases to the Eastern District of Tennessee.  More specifically, Defendant argues that transfer is appropriate because: 1) none of the Plaintiffs, their doctors, other witnesses, or the Defendant reside in this District; 2) the relevant documentary evidence is almost certainly located outside of this District; 3) there are no allegations that any of the relevant facts arose in this District; 4) at least one of the Plaintiffs in this case resides in the Eastern District of Tennessee; and 5) if the two plaintiffs from the Thorn action are joined in the three companion cases here, as Plaintiffs' counsel has represented, then two of the plaintiffs in this case and one plaintiff in the Wood case will be residents of the Eastern District of Tennessee.

Defendant has also filed a Motion to Dismiss (Docket No. 24) those portions of Plaintiffs' Compliant seeking class certification and relief on a class-wide basis pursuant to Fed. R. Civ. P. Rule 12(b)(6) on the basis that Plaintiffs' Complaint fails to comply with Local Rule 15 which sets forth specific pleading requirements for complaints intended to be maintained as a class action.  In the alternative, pursuant to Fed. R. Civ. P. Rule 12(e), Defendant requests that the Court order Plaintiffs to provide a more definite statement of their class claims in accordance with Local Rule 15.

ANALYSIS

I.  Motion to Transfer

"Under 28 U.S.C. §1404(a), a district court 'has broad discretion to grant or deny a motion to transfer [a] case.'" Phelps v. McCellan, 30 F. 3d 658, 663 (6th Cir. 1994) (quoting Cote v. Wadel,

3

796 F. 2d 981, 985 (7th Cir. 1986)). 28 U.S.C. §1404(a) provides:

> §1404 Change of Venue
>
> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Analysis of a motion to transfer requires a two-step process. First, the Court must determine whether the new forum requested is a place where the action initially "might have been brought." Second, the Court must examine whether the balance of interests favors transfer to the alternative forum.

With regard to the first question, it appears to the Court that jurisdiction and venue lie equally as well in the Eastern District of Tennessee as in this District. In the instant case, Plaintiff alleges that subject matter jurisdiction is pursuant to 28 U.S.C. §1332 because there is diversity of citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and cost (Docket No. 7 at 3). Plaintiff also alleges that the Court has in personam jurisdiction over Defendant because Defendant: 1) markets Aredia and Zometa to Tennessee physicians who prescribe it to patients in Tennessee; 2) distributes and sells Aredia and Zometa to patients in Tennessee; 3) sends instructional materials about the drugs to patients and physicians in Tennessee; 4) compensates agents who "pitch" the drugs to doctors in Tennessee; and 5) profits from health maintenance organizations administered in Tennessee. Finally, Plaintiff alleges that venue is appropriate in this District pursuant to 28 U.S.C. §1391(a) and (c) because Defendant is a corporation subject to personal jurisdiction in Tennessee and there are multiple judicial districts in Tennessee. The Court finds that the factors cited by Plaintiff to support jurisdiction and venue in this District also weigh equally in favor of a finding that jurisdiction and venue are proper in the Eastern District of

Tennessee. Thus, Defendant's proposed alternative forum is a place where this action "might have been brought."

With regard to the second question, the burden is on the moving party to establish that transfer to another forum is appropriate. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S. Ct. 839, 843, 91 L. Ed. 1055 (1947). See also, Moeckel v. Caremark RX, Inc., 385 F. Supp. 2d 668, 686 (M.D. Tenn. 2005); Blane v. Amer. Inventors Corp., 934 F. Supp. 903, 907 (M.D. Tenn. 1996). "Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Id.

Here, the Court finds that, based on the record before it, a change of venue is not appropriate. There is nothing in the record to indicate that transferring this case to the Eastern District will be more convenient for potential fact witnesses or Plaintiffs' treating physicians. In addition, with the exception of the one Plaintiff in this case out of the thirty-eight Plaintiffs in the three related cases before the Court, there is no evidence that the parties are any closer to the Eastern District than to the Middle District, or that any documentary evidence or other proof is closer to the Eastern District than to the Middle District. Finally, there is no evidence that the situs of material events is any closer to the Eastern District than to the Middle District or that changing venue to the Eastern District will make the parties' ability to bear the expense of litigation any easier. Thus, the totality of the factors to be considered in this decision do not clearly justify a change of venue. Deciding whether to transfer a case is within the sound discretion of the Court to be exercised in light of all the circumstances of a case. Phelps, 30 F. 3d 658, 663 (6th Cir. 1994).

Finally, the Court is not persuaded that the interests of justice require a transfer to the Eastern District of Tennessee in this case. Therefore, Defendant's Motion to Transfer (Docket No.

5

26) is DENIED.

II. <u>Motion to Dismiss</u>

Local Rule 15 provides in relevant part:

> (a) Complaint. In any case to be maintained as a class action:
> (1) The complaint shall bear next to its caption the legend "Complaint--Class Action."
> (2) The complaint, under a separate heading to be styled "Class Action Allegations," shall state:
> a. A reference to the portion or portions of Rule 23 of the Federal Rules of Civil Procedure under which it is claimed that the suit is properly maintainable as a class action, and
> b. Appropriate allegations thought to justify such claim, including, but not necessarily limited to:
> 1. The definition and size of the alleged class, including the number or approximate number and the geographic dispersion of the members;
> 2. The bases upon which the plaintiff (or plaintiffs) claims
> i. to be an adequate representative of the class in fact and to be financially able to represent the class;
> ii. if the class is composed of defendants, that those named as parties are adequate representatives of the class;
> 3. The alleged questions of law and/or fact claimed to be common to the class;
> 4. In actions claimed to be maintainable as class actions under subdivision (b)(3) of Rule 23 of the Federal Rules of Civil Procedure, allegations thought to support the findings required by that subdivision; and
> 5. In actions requiring a jurisdictional amount, the basis of determining that amount.

Defendant asserts that many of the allegations required by Local Rule 15 are simply missing from Plaintiffs' Complaint. For example, Defendant asserts that the Complaint is missing a "reference to the portion or portions of Rule 23 ... under which it is claimed that the suit is properly maintainable as a class action." More specifically, Defendant asserts that to the extent Plaintiffs

6

seek certification under Fed. R. Civ. P. Rule 23(b)(3), the Complaint fails to include "allegations thought to support the findings required by that subdivision," that common questions of fact or law predominate, and that a class action is the superior method for resolving those claims. Furthermore, Defendant asserts that the Complaint fails to set forth the basis upon which Plaintiffs make their claim that they would be adequate class representatives and are financially able to represent the class. Defendant also asserts that the Complaint fails to set forth the "alleged questions of law and/or fact claimed to be common to the class," and fails to contain a statement of the basis for determining that the jurisdictional amount is satisfied.

The Court finds that Plaintiffs' Complaint does not fully comply with the literal requirements of Local Rule 15, but dismissal is not the appropriate remedy. Plaintiffs shall have until November 26, 2005 to file an amended complaint in full compliance with Local Rule 15. Accordingly, Defendant's Motion to Dismiss (Docket No. 24) is DENIED. In light of the Court's ruling, Defendant's Motion for a More Definite Statement (Docket No. 24) is moot.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE